UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRANT E. PARISH,

                       Plaintiff,         Civil Action No. 13-14410
                                          Honorable Paul D. Borman
                                          Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                       Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [23]**

**I.    REPORT**

    **A.    Procedural History**

Plaintiff Grant Parish ("Parish") filed a complaint, appealing the administrative determination denying his Social Security disability insurance benefits, on October 21, 2013. (Doc. # 1). Defendant Commissioner of Social Security (the "Commissioner") filed an answer and the administrative transcript on February 28, 2014. (Docs. # 12, 13). Parish filed his motion for summary judgment on June 16, 2014. (Doc. # 17). On August 14, 2014, the district court vacated the order of reference to the magistrate judge formerly assigned to this case and issued a stipulated order remanding the case to the Commissioner. (Docs. # 20, 21). That same day, the district court entered judgment in Parish's favor and remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. §405(g). (Doc. # 22).

On November 12, 2014, Parish filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. # 23). Parish requests a total of $3,505.19 in attorney's fees. (*Id.*, Ex. B). The Commissioner declined to file a response or

otherwise oppose Parish's fee petition, which is now before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. # 25).

**B.     Analysis**

*1.     Parish is Entitled to an Award of EAJA Attorney's Fees*

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action … including proceedings for judicial review of agency action, brought by or against the United States … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).  The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA:  (1) the claimant must be the prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees.  *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

With respect to the first condition, the United States Supreme Court has held that a party who obtains a sentence four remand is a prevailing party eligible for a judgment awarding attorney's fees under the EAJA.  *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1992).  Since Parish obtained a sentence four remand, this condition has been satisfied.

With respect to the second and third conditions, the Commissioner offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified.  *See Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004); *accord Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006).  Thus, Parish is entitled to an award of attorney's fees under the EAJA.

*2. Amount of Attorney's Fees*

Attorney's fees claimed under the EAJA must be reasonable. *See Glass v. Secretary of Health and Human Servs.*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. In *Glass*, the Sixth Circuit recognized that "the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee." *Glass*, 822 F.2d at 21 (citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986)).

With respect to the hours claimed, the EAJA requires "an itemized statement from [the] attorney … representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. §2412(d)(1)(B). Parish's counsel submitted such an itemized statement, indicating that they expended 16.98 hours in this matter at the hourly rates of $181.60 and $184.50 for work respectively performed in 2013 and 2014. (Doc. # 23, Ex. B). In addition, counsel seeks compensation for 3.76 hours of paralegal work at the rate of $100.00 per hour. (*Id.*). The Commissioner has not challenged the hours expended by Parish's counsel or the paralegals, and the Court finds that these hours have been adequately documented and are reasonable for a case such as this and given the result achieved by that work.

As for the hourly rates requested by Parish's counsel, the statutory maximum rate is $125 per hour, "unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). Courts have recognized, however, that although the EAJA generally caps the hourly rate for attorney's fees at $125 per hour, the

3

"statutory rate is a ceiling and not a floor," *Chipman v. Secretary of Health and Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986), that applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). A plaintiff requesting an increase in the hourly-fee rate above the statutory rate "bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)).

Here, Parish seeks to recover at the rates of $181.60 and $184.50 per hour, which are significantly above the statutory cap. Parish supports his motion with various pieces of evidence. First, he provides affidavits of several attorneys and one non-attorney representative that describe the "limited availability of qualified attorneys willing to litigate Social Security appeals in Federal Court" in Southeastern Michigan on a referral basis; Parish's counsel is located in Chicago. *See Martin v. Comm'r of Soc. Sec.*, No. 12-14773, 2014 U.S. Dist. LEXIS 172065, at *7 (E.D. Mich. Dec. 12, 2014) (Borman, J.) (collecting cases involving the same affidavits used in this matter); (Doc. # 23-5 at 1, 5-8). Second, Parish provides affidavits of area attorneys which speak to their hourly rates, as well as State Bar of Michigan Attorney Billing Rate Summary Reports. (Docs. # 23-4, 23-5, 23-6). Parish provided similar materials to support the paralegal rate sought. (Docs. #23-7, 23-8). Finally, Parish has provided relevant Consumer Price Index data prepared by the Bureau of Labor and Statistics. (Doc. #23-2). Together, the foregoing materials demonstrate that the rates sought are reasonable and "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450 (quoting *Blum*, 465 U.S. at 895 n. 11). Consequently, the Court finds that the hourly rates of $181.60 and $184.50 are reasonable in this case, as is the $100 hourly rate counsel charged for the work of two paralegals. *See Martin,* at

*6-7 (order determining that identical rates charged by same counsel and paralegal staff are reasonable under the EAJA).[1]

Multiplying the 1.25 hours counsel expended in 2013 by the $181.60 rate, and the 15.73 hours counsel expended in 2014 by the $184.50 rate, and adding the results together yields a sum total of $3,129.19 in attorney's fees. The same approach yields a total of $376.00 for the paralegal work, after multiplying the 3.76 hours expended by the $100.00 rate. Therefore, Parish is entitled to a combined award of $3,505.19 in EAJA fees.

## II.   RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Parish's motion for attorney's fees [23] be **GRANTED** and that Parish[2] be awarded EAJA fees in the total amount of $3,505.19.

Dated: May 8, 2015                              s/David R. Grand
Ann Arbor, Michigan                             DAVID R. GRAND
                                                United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

---

[1] Other courts in this district have approved EAJA rates in the general range sought by Parish here. *See, e.g., Grimsley v. Astrue*, 2012 WL 2031249, at *2 (E.D. Mich. June 6, 2012) ($182.75/hr. was a reasonable rate for work performed in 2012); *Johnson v. Comm'r of Soc. Sec.*, 2014 WL 3420776, at *4–5 (E.D. Mich. July 14, 2014) ($181.60/hr. reasonable for work performed in 2013); *Lewandowski–Farr v. Comm'r of Soc. Sec.*, 2013 WL 3328495, at *1 (E.D. Mich. July 2, 2013) ($178 per hour reasonable).

[2] Although Parish's counsel request that the EAJA award be made payable to their firm (Doc. # 23 at 10, n.4), the EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. §2412(d)(1)(A). Thus, any judgment entered for EAJA attorney's fees must be entered in Parish's favor. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2528 (2010). Any fee agreement between Parish and his attorney is not part of this case.

provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 8, 2015.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager