UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRANT E. PARISH,

    Plaintiff,

v.

COMMISSIONER OF,
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 13-cv-14410

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

## OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE GRAND'S MARCH 13, 2017 REPORT AND RECOMMENDATION (ECF NO. 36), (2), ADOPTING THE MARCH 13, 2017 REPORT AND RECOMMENDATION (ECF NO. 35) and (3) GRANTING IN PART THE PETITION FOR ATTORNEY FEES (ECF NO. 28)

On March 13, 2017, Magistrate Judge David R. Grand issued a Report and Recommendation (ECF No. 35) to grant in part Plaintiff's counsel's petition for attorney fees pursuant 42 U.S.C. § 206(b)(1) (ECF No. 28). Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation (ECF No. 36).[1] For the reasons that follow, the Court REJECTS Petitioner's Objection, and ADOPTS the

---

[1] Petitioner also filed a motion for leave to supplement her Objection with additional authority. (ECF No. 37.) The Court GRANTS that motion and has considered Petitioner's supplemental authority in resolving her Objection.

Report and Recommendation.

## I.     BACKGROUND

Petitioner achieved a favorable result for Plaintiff in this social security case, expending approximately sixteen and a half hours of attorney time resulting in a stipulated remand and an award of past due benefits to the Plaintiff in the amount of $69,808.00. Petitioner now seeks to recover from that award $17,452.00, which represents the 25% contingent fee amount to which the Plaintiff agreed when Petitioner undertook his representation in this case. The requested fee award results in an effective hourly rate of approximately $1,017.00 for the work that Petitioner, a fourth year associate in her law firm at the time she filed this action, performed on her client's behalf. The Magistrate Judge concluded, after a very thorough analysis of all of the relevant factors, that while the contingent fee arrangement between Petitioner and the Plaintiff was not inherently unfair, a downward adjustment from the parties' contractual agreement was required to ensure reasonableness under 42 U.S.C. § 406(b). This Court agrees.

## II.    STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich.

2004). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id*.

### III. ANALYSIS

Plaintiff objects that the Magistrate Judge "singularly focused" on the "effective hourly rate" and "the lodestar method that *Gisbrecht [v. Barnhart,* 535 U.S. 789 (2002)] specifically rejected." (ECF No. 36, Objection 5, PgID 1073.) The Court disagrees and concludes that the Magistrate Judge's analysis was faithful to *Gisbrecht*. It is true that *Gisbrecht* rejected sole reliance on the lodestar method for determining the reasonableness of contingent fee awards in social security cases, and acknowledged that the lodestar method (historically applied in the context of provisions shifting fees to the losing party) was not the perfect fit for determining the reasonableness of an award of fees payable from a successful party's recovery under § 406(b). The Court in *Gisbrecht* stressed the importance of respecting the parties' statutory right to contractually arrange for a fee up to 25% of past due benefits, concluding:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

535 U.S. at 807 (ellipsis added). The Court cautioned against allowing "windfalls" resulting from unnecessary delay or substandard representation, and also instructed

4

that a large benefit award achieved with comparatively little attorney time may also constitute a windfall, and may support a "downward adjustment," in certain cases:

> If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id*. at 808.

Thus, while the Court in *Gisbrecht* did reject the lodestar approach as the sole measure of reasonableness, it did not prohibit consideration of the effective hourly rate as *a* factor in making the reasonableness determination. As the Sixth Circuit explained in *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014), *Gisbrecht* creates no "strict presumptions" regarding contingency fee arrangements in social security cases, and instructs courts to first examine the contingent fee arrangement and then analyze the award for reasonableness, considering as a factor standard rates and the hours expended:

> Importantly, the Court [in *Gisbrecht*] approved of reducing fees to avoid windfalls and expressly authorized district courts to consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees.

771 F.3d at 309 (alteration added). The Sixth Circuit in *Lasley* found no error in the district court's consideration of "the effective hourly rate as one relevant factor in

5

determining the reasonableness of the contingency fee." *Id.* at 310 (internal quotation marks omitted). The Sixth Circuit also found no error in the district court's consideration of "the 'brevity' and 'relative simplicity' of the representation" and affirmed the downward adjustment from an effective hourly rate of $733.80 to an award that yielded an effective hourly rate just twice the standard rate for social security representation in that district. *Id.* As Magistrate Judge Grand recognized, it is established in the Sixth Circuit that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

The Magistrate Judge was correct in his analysis of the reasonableness of the $17,452.00 fee award sought in this case for 16.60 hours of attorney time, resulting in an effective hourly rate of $1,017 for a fourth-year practicing attorney, which by any measure is a large benefit compared to the amount of time counsel spent on the case. *Gisbrecht* teaches that in this situation, the Court's task is to determine whether such a fee is "reasonable for the services rendered" on the facts of the particular case. 535 U.S. at 807. Contrary to Petitioner's characterization, the Court in *Gisbrecht* did

6

not suggest that a contingent fee "is only to be reduced if there was a delay/substandard representation." (Objection 20, PgID 1088.) *Gisbrecht* expressly contemplated a downward adjustment in the case of a "windfall" that involved a large disparity between the size of the fee award and the number of hours spent, without regard to any improper conduct on the part of the attorney. *See, e.g., Wummel v. Comm'r of Soc. Sec.*, No. 12-cv-14860, 2016 WL 245287, at *2 (E.D. Mich. Jan. 21, 2016) ("As neither party has alleged that Petitioner engaged in improper conduct or expended only minimal effort in this matter, the Court's inquiry turns to whether Petitioner's request of $29,108.75 in fees represents an impermissible windfall based on 30.3 hours of work.").

Magistrate Judge Grand engaged in a thorough reasonableness analysis in his Report, considering the character of the representation, the results achieved, the Petitioner's noncontingent fee rate and the time that she spent on this case. *Gisbrecht*, 535 U.S. at 808. In response to Petitioner's argument that other courts have approved awards that resulted in similarly high effective hourly rates, the Magistrate Judge found those cases involved more experienced counsel (tens of years in practice compared to Petitioner's status as a fourth year practicing attorney when she filed Plaintiff's case), an unusually high recovery of past due benefits (in excess of $150,000 in past due benefits compared to the $69,808.00 recovery here), and/or

difficult and complex disputes over benefits (compared to eight pages of "salient" legal analysis in Petitioner's summary judgment brief that resulted in a stipulated remand). Petitioner also did herself no favors by claiming to have been the attorney on a number of cases where large fee awards were approved when in fact she was not the attorney on the case – many of those cases in fact had been handled by more senior attorneys from Petitioner's firm. While Petitioner apologized in her Objection for this "oversight," explaining that she was on maternity leave when the brief making these representations was filed, Petitioner's signature appears on the fee petition and she is responsible for its contents. Additionally, this Court finds some relevance to the government's formal opposition to the requested award in this case. The fact that the Commissioner objects to the fee award and characterizes it as a windfall has been considered by other courts as a factor in the reasonableness analysis. *See, e.g., Ballatore v. Comm'r of Soc. Sec.*, No. 11-cv-15335, 2015 WL 5830836, at *10 (E.D. Mich. Aug. 5, 2015) (approving a 25% fee and distinguishing cases where the Commissioner had objected to the requested fee). Finally, in another case from this district on which Petitioner relies, in which a large potential "windfall" award was approved, the court gave significant weight to the plaintiff's statement strongly supporting the petition and encouraging the court to award the full contingent fee. *See Wummel*, 2016 WL 245287, at *3 (giving plaintiff's "strong letter" in support of his

counsel's fee request "significant weight in considering Petitioner's request of fees"). The record in this case contains no similarly "strong letter" in support of Petitioner's fee request.

In the end, the Magistrate Judge credited Petitioner's "efficient representation," and "well-written" summary judgment motion, but found on consideration of a number of relevant factors that a downward adjustment to Petitioner's fee award was appropriate, ultimately approving an award of $14,500.00. Notably, this is still an effective hourly rate of nearly $900 per hour, more than three and a half times the $250 rate that has been found standard by other courts in this district in similar cases. *See Acosta v. Comm'r of Soc. Sec.*, No. 14-10212, 2017 WL 37200, at *1 (E.D. Mich. Jan. 26, 2017) (Edmunds, J.), *adopting Acosta v. Comm'r of Soc. Sec.*, No. 14-10212, 2016 WL 8094540 (E.D. Mich. Nov. 17, 2016) (approving the magistrate judge's recommendation to reduce a fee award from an effective rate of $1,022.74, which the court found to be "an unprecedented award" and one that was "inconsistent with [Petitioner's] limited experience [and] the middling nature of the complexity" in the case, to an effective rate of $449.59) (first alteration added). Even accepting Petitioner's representation that she commands an hourly noncontingent rate of $350, this adjusted award is still nearly two and a half times that rate.

Magistrate Judge Grand exhaustively considered Petitioner's experience as a

9

practicing attorney, the complexity of the case, the brevity of the representation and the overall size of the award, in concluding that a downward adjustment was appropriate. The Court rejects Petitioner's suggestion that her 25% contingent fee award is essentially unreviewable under *Gisbrecht* for reasonableness in the absence of evidence of her own dilatory conduct or incompetence. The Court finds that the downward adjustment ultimately applied by the Magistrate Judge was faithful to *Gisbrecht* and is supported by the particular facts of this case.

### III. CONCLUSION

For the foregoing reasons, the Court REJECTS Petitioner's Objections, ADOPTS Magistrate Judge Grand's March 13, 2017 Report and Recommendation, GRANTS IN PART Petitioner's petition for attorney fees under 42 U.S.C. § 406(b), and AWARDS Petitioner **$14,500.00**. The Commissioner is ORDERED to promptly pay this amount to Frederick Daley, Jr. of Daley Disability Law, and Daley is ORDERED to refund the EAJA fee of $3,505.19 to Plaintiff Parish.

IT IS SO ORDERED.

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: July 20, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2017.

                                            s/Deborah Tofil
                                            Case Manager